FILED
2011 Jun-02 AM 08:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | } } } | |
| Plaintiff, | } } | |
| v. | } } | Case No.: 2:10-CV-3458-RDP |
| BEVERLY ANN McMILLIAN CLARK, et al., | } } } } | |
| Defendants. | } | |

## MEMORANDUM OPINION

This matter is before the court on Prudential Insurance Company of America's Motion to Appoint Guardian *Ad Litem*, for Final Default Judgment and to Grant Interpleader and Leave of Court to Deposit Funds with Clerk (Doc. # 31), filed May 31, 2011. On May 31, 2011, the court conducted a scheduling conference in this matter. At that conference, the parties discussed the motion at issue.

Among other things, Plaintiff's Motion seeks a Rule 55(b) default judgment against Defendant Kelvin McMillian ("Kelvin") in the form of a declaration that Kelvin is not entitled to any of the insurance proceeds at issue in this case, *i.e.,* the death benefit under group policy number G-32000, under which Kerry Whitmore was covered in the amount of $400,000 as a result of his service in the United States Army. (Doc. # 31).

Rule 55 (b) states in relevant part:

(b) Entering a Default Judgment.

    (1) **By the Clerk**. If the plaintiff's claim is for a sum certain or for a sum which can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs

against a defendant who has been defaulted for not appearing and who is neither a minor or incompetent person.

(2) **By the Court**. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.

Fed.R.Civ.P. 55(b)(1),(2).

The court finds that all of the requirements of Rule 55(b)(2) are satisfied in this case. This action was commenced on December 14, 2010. (Doc. # 1). A copy of the summons and complaint was served on Kelvin on February 2, 2011. (Docs. # 25, 31-3). There is nothing in the record to suggest that Kelvin is a minor, incompetent, or serving on the United States Military or armed forces. (Doc. # 31-3). Rather, it appears that Kelvin is incarcerated at Easterling Correctional Facility, AIS 224023, 200 Wallace Drive, Clio, Alabama 36017.

To date, Kelvin has neither filed anything with the court in his defense nor contacted the court in any manner about this case, despite being served with a summons and a complaint. Therefore, in response to Plaintiff's April 20, 2011 Motion for Preliminary Default (Doc. # 26), default was entered against Kelvin by the Clerk of Court that same day. (Doc. # 28).

Kelvin has not appeared in this action. Therefore, the court is not required to provide him with written notice of Plaintiff's motion seeking default judgment prior to entering judgment. *See* Fed. R. Civ. P. 55(b)(2). Finally, because Plaintiff seeks only a declaratory judgment and not damages, "all essential evidence is already of record," and an evidentiary hearing is not required. *S.E.C. v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir.1981) ("Rule 55(b)(2) does not require the district court to hold either an evidentiary hearing or oral argument on a motion for a default judgment.") (*citing Thomas v. United States*, 531 F.2d 746, 748 (5th Cir.1976) ("Taxpayer's

first contention that the district court should have held an evidentiary hearing and/or oral argument on the motion is without merit. All the essential facts were of record.")).[1]

Accordingly, the court will, by separate order, grant Plaintiff's Motion for Final Default Judgment against Kelvin (Doc. # 31) and enter a default judgment in favor of Plaintiff and against Kelvin that is consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this ____1st____ day of June, 2011.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[1] The Eleventh Circuit has noted that, in any event, "[a]n evidentiary hearing is not a *per se* requirement; indeed, Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone." *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)(citing Fed.R.Civ.P. 55(b)(2) ("[T]he court may conduct such hearings ... .").